IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH D. BAKER,** : | |
|     **Plaintiff,** : | |
| : | |
| v.  : | **CIVIL ACTION NO. 25-CV-1003** |
| : | |
| **JOSHUA BURKITT,** *et al.*, : | |
|     **Defendants.** : | |

<u>**MEMORANDUM**</u>

**GALLAGHER, J.**                                                                                               **May 14, 2025**

    *Pro se* Plaintiff Joseph Baker, a prisoner currently incarcerated at SCI Forest, asserts claims under 42 U.S.C. § 1983 in connection with his December 21, 2021 arrest and the contemporaneous search of his home and confiscation and damage of his property by Philadelphia police officers.  This is Baker's second lawsuit related to the 2021 arrest and search of his property.  The Court dismissed his prior lawsuit with prejudice.  *See Baker v. Burkitt*, No. 24-2168, 2024 WL 4535455, at *4 (E.D. Pa. Oct. 21, 2024).  In this lawsuit, Baker asserts the same constitutional claims but names additional police officers after having learned their names through a Philadelphia Police Department ("PPD") internal affairs investigation.  Baker again seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Baker leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.      FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

---

[1] The facts are taken from Baker's Complaint (ECF No. 2), which consists of the Court's standard form complaint as well as handwritten pages and exhibits related to the internal affairs investigation.  The Court also refers to pleadings from Baker's prior lawsuit.  *See Baker*, 2024 WL 4535455.  The Court adopts the pagination supplied by the CM/ECF docketing system. Grammar, spelling, and punctuation errors in quotes from Baker's submissions are cleaned up where necessary.

In Baker's earlier case, the Amended Complaint named PPD SWAT team member Joshua Burkitt as the sole Defendant. *Baker*, 2024 WL 4535455, at *1. Baker alleged that on December 10, 2021, the SWAT team conducted an illegal search and seizure at his home. *Id*. Specifically, he alleged that the officers searched and handcuffed him and then detained him in a police car. *Id*. While Baker was en route to the police station, other officers stayed at his home and searched the basement and a second-floor bedroom, both without a search warrant, damaged his home in the process, and confiscated personal property items such as cash, iPhones, prescription eyeglasses, and diamond earrings. *Id*. In its October 21, 2024 Memorandum, the Court dismissed Baker's Fourth Amendment claims associated with the search as barred by the two-year statute of limitations. *Id*. at *3. The Court also dismissed Baker's Fourteenth Amendment claims based on the alleged destruction of Baker's property and confiscation of his personal property because Baker had an adequate state court remedy. *See id*. (stating that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." (citations omitted)). Baker did not appeal the Court's dismissal of his case.

Approximately four months later, Baker filed this civil action, naming the following six (6) Defendants, all associated with the PPD:  Joshua Burkitt; Jose Innamorato; Richard Butler; Darryl Pearson; Randy Irwin; and James Lippi. (Compl. at 2-5, 10.) Baker alleges that police officers came into his basement while he was sleeping, handcuffed him while he was wearing a black Under Armour® backpack, searched him and placed him in custody. (*Id*. at 11, 12.) The officers also allegedly told Baker's family to wait outside the house while they searched Baker's backpack, the basement, and the second-floor bedroom. (*Id*.) The officers allegedly confiscated

from the backpack a white envelope containing $5,000 cash and $45 worth of "Jitney tickets." (*Id*. at 11.)  Baker alleges that in the second-floor bedroom, the officers stole $11,503 in cash and caused $75,000 worth of damage.  (*Id*. at 11-12.)

Baker alleges that four of the named Defendants—Lippi, Pearson, Butler, and Innamorato—are under investigation by PPD's Internal Affairs Division ("IAD") for "misconduct."  (*Id*. at 6.)  Lippi is specifically being investigated for instances of theft.  (*Id*. at 7.)  Plaintiff learned about the misconduct investigations when the Philadelphia District Attorney's Office ("DAO") sent Baker a November 1, 2024 letter notifying him that the four officers under investigation were identified as having been "witnesses or participants in the police investigation" related to Baker's pending *habeas* petition, Case No. 24-3143.  (*Id*.)  Baker states that he did not know that these four officers were involved in his case until he received the letter from the DAO.  (*Id*. at 5.)  He also states that the four officers "could be the ones who" caused damage to his bedroom and "stole [his] money and valuables."  (*Id*. at 6.)

Based on these allegations, Baker again asserts Fourth and Fourteenth Amendment claims.  (*Id*. at 10.)  For relief he seeks money damages representing the value of the personal property allegedly taken from his home (cash, diamond earrings, prescription eyeglasses, and two iPhones), and the damage that was done to his second-floor bedroom and basement.  (*Id*. at 5, 12.)

## II.   STANDARD OF REVIEW

The Court grants Baker leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. §

---

[2] Because Baker is granted *in forma pauperis* status, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Additionally, a court may dismiss a complaint based on an affirmative defense such as the statute of limitations when the "defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *Whitenight v. Commw. of Pa. State Police*, 674 F. App'x 142, 144 (3d Cir. 2017) (*per curiam*) ("When screening a complaint under § 1915, a district court may *sua sponte* dismiss the complaint as untimely under the statute of limitations where the defense is obvious from the complaint and no development of the factual record is required." (citations omitted)). As Baker is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.  DISCUSSION

Like he did in his prior civil action, Baker asserts Fourth and Fourteenth Amendment claims under § 1983, the vehicle by which federal constitutional claims may be brought in

4

federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.   Fourth Amendment Claims

The Court understands Baker's Fourth Amendment claims to be based on the police officers' warrantless searches of Baker, his bookbag, and his home on the day of his December 10, 2021 arrest. Baker's § 1983 claims are subject to a two-year statute of limitations. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (explaining that the statute of limitations for § 1983 claims is governed by the personal injury tort law of the state where the cause of action arose and that Pennsylvania has a two-year statute of limitations for personal injury actions); *see also Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). A claim accrues "when a plaintiff has a complete and present cause of action, that is, when [he] can file suit and obtain relief." *Dique*, 603 F.3d at 185 (quotations omitted). In general, this means that the statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998); *see also Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

Any Fourth Amendment claim that Baker asserts in connection with his arrest and search incident to arrest accrued on the date he was arrested, December 10, 2021. On this date, Baker knew or should have known of the basis for his Fourth Amendment claims. *See Nguyen v.*

*Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018) (illegal search claims accrue at "the moment of the search"); *Ojo v. Luong*, 709 F. App'x 113, 116 (3d Cir. 2017) (*per curiam*) ("Most of [plaintiff's claims] accrued when defendants conducted their searches and seizures on July 11, 2011, because [plaintiff] knew or should have known the basis for these claims at that time."); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012) (*per curiam*) (concluding that Fourth Amendment unreasonable search and seizure claims accrued when the search and seizure occurred because this was "the moment that [the plaintiff] indisputably knew about the alleged faults of search and seizure"). Baker did not file this civil action until February 25, 2025, more than three years after the claims accrued. Thus, any Fourth Amendment claims based on the December 10, 2021 arrest and search incident to arrest are barred by the statute of limitations.

Baker contends that he did not know the identity of four police officers allegedly involved in the arrest and search until November 2024. Based on this, Baker may allege that his Fourth Amendment claims are equitably tolled. "Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum." *Lloyd v. Ocean Twp. Counsel*, 857 F. App'x 61, 64 (3d Cir. 2021) (*per curiam*). Baker cannot avail himself of equitable tolling here. Regardless of whether Baker was aware of the identities of the four Philadelphia police officers identified by the DAO as under an IAD investigation, he was certainly aware of the harm he suffered on the date of the arrest and contemporaneous search on December 10, 2021. *See, e.g.*, *Smith v. Municipality of Lycoming Cnty.*, 335 F. App'x 147, 149 (3d Cir. 2009) (*per curiam*) ("Smith knew, or had reason to know, of his alleged mistreatment when it occurred . . . . [H]e was not entitled to have the statute of limitations tolled based on . . . an allegation that some

of the defendants would not divulge their names."); *Brown v. Dudek*, No. 06-4891, 2007 WL 1296658, at *5 n.5 (D.N.J. Apr. 25, 2007) (rejecting argument that claim was equitably tolled where the plaintiff "did not need to know the names of the officers who assaulted him on the day of his arrest" because "the fact of the assault and plaintiff's immediate knowledge that he was injured by consequence of the assault were sufficient for plaintiff to know he had a claim"). Accordingly, having failed to plausibly allege a basis for equitable tolling of his Fourth Amendment claims, the claims are time-barred and will be dismissed.

    **B.**  **Fourteenth Amendment Deprivation of Property Claims**

Baker also again asserts Fourteenth Amendment claims based on the officers' alleged confiscation of his money and personal property and the destruction of other property during the search of his home. Fourteenth Amendment deprivation of property claims are also subject to a two-year statute of limitations. *See Wilson v. City of Newark*, No. 06-5219, 2007 WL 1135301, at *2 (D.N.J. Apr. 16, 2007). Assuming, without deciding, that Baker's Fourteenth Amendment claims are not barred by the statute of limitations, they nevertheless fail for a different reason and must be dismissed.

As the Court explained in its October 21 Memorandum from the prior civil action, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Spencer v. Bush*, 543 F. App'x 209, 213 (3d Cir. 2013) (*per curiam*). Pennsylvania law provides Baker with an adequate state remedy—the Pennsylvania Tort Claims Act—for the loss and destruction of his property. *See Spencer*, 543 F. App'x at 213; *Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (*per curiam*) (explaining that the

Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property); *Thompson v. Ferguson*, No. 19-3455, 2019 WL 3573525, at *5 (E.D. Pa. Aug. 5, 2019) (dismissing Fourteenth Amendment claim based on the loss and destruction of property during a search because the Pennsylvania Tort Claims Act provides an adequate remedy); *Shiloh v. Does*, No. 12-1086, 2013 WL 5297511, at *8 (M.D. Pa. Apr. 19, 2013), *report and recommendation adopted sub nom. Shiloh v. John Does*, No. 12-1086, 2013 WL 4761124 (M.D. Pa. May 14, 2013) (dismissing Fourteenth Amendment deprivation of property claim based on damage done to the plaintiff's home and personal items during a search and seizure because the plaintiff could have filed a tort claim under Pennsylvania law, thus negating any due process violation).

In addition, with respect to the alleged confiscation of certain items of Baker's personal property, such as iPhones, cash, diamond earrings, and prescription eyeglasses, Pennsylvania law provides an additional post-deprivation remedy. Pennsylvania Rule of Criminal Procedure 588(A) provides that "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move [in the court of common pleas for the judicial district in which the property was seized] for the return of the property on the ground that he or she is entitled to lawful possession therefor." Pa. R. Crim. P. 588(A). Courts in the Third Circuit have held that Rule 588(A) provides an adequate post-deprivation remedy for claims related to the seizure of property. *See McKenna v. Portman*, 538 F. App'x 221, 224 (3d Cir. 2013) (stating that "there is no cognizable Fourteenth Amendment procedural due process claim here as the state provided a reasonable post-deprivation process [with Rule 588(A)] to challenge the seizure of property and request its return"); *Hammond v. Lancaster City Bureau of Police*, No. 17-1885, 2021 WL 5987734, at *5 (E.D. Pa. Dec. 16, 2021) (dismissing due process claim based on police officers'

failure to return property seized pursuant to a warrant because Pennsylvania provides an adequate post-deprivation remedy with Rule 588(A)).  Accordingly, Baker's Fourteenth Amendment claims will also be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Baker's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  As Baker has already been given an opportunity to cure the defects in his claims (from his prior lawsuit) and has been unable to do so, the Court concludes that further amendment would be futile.  *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").  Accordingly, Baker's Complaint will be dismissed with prejudice.  An appropriate Order follows.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**
